**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } | |
| **Plaintiff,** | } | **CIVIL ACTION NO.** |
| **v.** | } | |
| **COLLEGIATE DEVELOPMENT SERVICES, LP** | } | **JURY TRIAL DEMAND** |
| **Defendant.** | } | |
| _____ | } | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of age and retaliation and to provide appropriate relief to Velda Poole and Sarah Jones. Defendant Collegiate Development Services, L.P., discriminated against Ms. Poole by terminating her employment because of her age, and terminating her employment in retaliation for opposing discriminatory treatment based on her age.  Defendant discriminated against Ms. Jones by terminating her employment in retaliation for opposing discriminatory treatment based on age.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

**COMPLAINT**                                                                                                      **1**

which incorporates by reference Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216 and 217.

2.      The employment practice alleged to be unlawful was and is now being committed within the jurisdiction of the United States District Court for the Northern District of Texas**.**

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant Collegiate Development Services, L.P., ("Defendant"), has continuously been and is now doing business in the State of Texas and has continuously employed at least twenty employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONCILIATION

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practice alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**COMPLAINT**                                                                                                 2

## STATEMENT OF CLAIMS

7.    Since at least November 2008, the Defendant has engaged in an unlawful employment practice at its Canyon, Texas facilities in violation of Sections 4(a)(1) and (d) of the ADEA, 29 U.S.C. § 623(a) and (d).  Specifically, Velda Poole was discharged because of her age, 62.

8.    The Defendant further engaged in unlawful employment practices by terminating Velda Poole in retaliation for opposing discriminatory treatment based on her age.

9.    Ms. Poole worked as a property manager for Defendant's apartment complex in Canyon.  In November 2008, Ms. Poole learned that one of Defendant's officials remarked about her inadequacy to perform her job because of her age, 62.  Ms. Poole questioned Defendant's officials about the remark. Within weeks of raising the issue, she was terminated by Defendant.

10.    The Defendant further engaged in unlawful employment practices by terminating Sarah Jones in retaliation for opposing discriminatory treatment.  Jones, who heard the remark made by Defendant's officials about Ms. Poole's age, objected after Poole was terminated, telling Defendant that she knew Poole had been terminated because of her age.  Two weeks after Jones raised the issue, she was terminated.

11.    The effect of the practices complained of in paragraphs 7-10 above has been to deprive Velda Poole and Sarah Jones of equal employment opportunities and otherwise adversely affect their status as employees.

12.    The unlawful employment practices complained of above were willful within the meaning of the ADEA.

**COMPLAINT**                                                                                                3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant, Collegiate Development Services, L.P., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age and retaliation.

B.    Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals who are at least age 40, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order the Defendant to pay Velda Poole and Sarah Jones appropriate back wages and lost benefits, in an amount to be proven at trial, prejudgment interest, and an equal amount in liquidated damages.

D.    Order the Defendant to make Velda Poole and Sarah Jones whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practice, including but not limited to front pay.

E.    Grant such further relief as the Court deems necessary and proper in the public interest.

F.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**COMPLAINT**                                                                                                4

Respectfully submitted,


P. DAVID LOPEZ
General Counsel

JAMES LEE
Assistant General Counsel

GWENDOLYN REAMS
Deputy General Counsel


  /s/  Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782


/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470


  /s/ Joel Clark
JOEL CLARK
Trial Attorney
Texas Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)


**COMPLAINT**                                                                              **5**